UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Power and Affiliated Companies
Retirement Plan A; Minnesota Power and
Affiliated Companies Retirement Plan B;
Minnesota Power and Affiliated Companies
Master Pension Trust; ALLETE Employee
Benefit Plans Committee; ALLETE
Retirement Plans Investment Subcommittee;
ALLETE, Inc., successor in interest to
Minnesota Power and affiliated companies;
and U.S. Bank National Association,

          Plaintiffs,

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-3866 ADM/RLE

   v.

Capital Guardian Trust Company,

          Defendant.

_____

Lauren E. Lonergan, Esq., Briggs & Morgan, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Diane M. Soubly, Esq., Seyfarth Shaw, LLP, Boston, MA, and Tracey L. Baubie, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On September 10, 2008, the undersigned United States District Judge heard oral argument on Defendant Capital Guardian Trust Company's ("Capital Guardian") Motion for Certificate of Appealability [Docket No. 52]. Capital Guardian seeks an immediate appeal from the Court's July 22, 2008, Order [Docket No. 49] denying Capital Guardian's Motion to Strike. For the reasons stated herein, Capital Guardian's Motion is denied.

## II. BACKGROUND

The underlying facts of this case are set forth in the Court's July 22, 2007, Order and are incorporated by reference. On July 22, 2007, the Court denied Capital Guardian's Motion to

Strike the jury demand in the Amended Complaint [Docket No. 20] filed by Plaintiffs Minnesota Power and Affiliated Companies Retirement Plan A; Minnesota Power and Affiliated Companies Retirement Plan B; Minnesota Power and Affiliated Companies Master Pension Trust; ALLETE Employee Benefit Plans Committee; ALLETE Retirement Plans Investment Subcommittee; ALLETE, Inc., successor in interest to Minnesota Power and affiliated companies; and U.S. Bank National Association (collectively "Plaintiffs").  In the same Order, the Court denied Capital Guardian's Motion to Dismiss finding Plaintiffs had set forth sufficient facts to state a claim that Capital Guardian had acted as an ERISA fiduciary during the liquidation process.  The Court also found that Plaintiffs' state law claims were preempted by ERISA but declined to determine whether or how to construe Plaintiffs' claims as ERISA claims because the parties had failed to specifically address the issue.  At this pre-discovery stage of the case, Plaintiffs' claims against a co-fiduciary for damages caused by breach of fiduciary duty assert a legal claim for damages and entitle Plaintiffs to maintain a jury trial demand in their Amended Complaint.

## III.  DISCUSSION

Capital Guardian seeks to appeal the Court's ruling regarding Plaintiffs' demand for a jury trial.  Capital Guardian asserts two grounds for its Motion: (1) that the Court should certify the jury trial question for immediate appeal pursuant to the collateral order exception to 28 U.S.C. § 1291, and (2) that the Court should certify the jury trial question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**A.    Collateral Order Exception to 28 U.S.C. § 1291**

"To quality for immediate appeal under the collateral order doctrine, an order must conclusively decide a question that is important and distinct from the case's merits, and the

decision must be effectively unreviewable on appeal from a final judgment." Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). Appellate courts use the collateral order doctrine to assert jurisdiction over "those district court decisions that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994). Accordingly, whether to allow an immediate appeal of a question under the collateral order doctrine is left to the discretion of the appellate court, and not the district court. As such, the Court will not rule on whether the question of jury trial entitlement is immediately appealable under the collateral order doctrine.

**B.     28 U.S.C. § 1292(b)**

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994). A controlling question of law is a legal question and not "a matter for the discretion of the trial court." Id. Substantial grounds for difference of opinion exist if there are "a sufficient number of conflicting and contradictory opinions." Id. at 378. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." Id. at 378-79. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 376. The

parties do not dispute that the Court's Order involves a controlling question of law. Accordingly, review is limited to the second and third factors.

### 1.       Substantial Ground for Difference of Opinion

Capital Guardian asserts that the Court's Order "creates a conflict within the Eighth Circuit and with Eighth Circuit decisions, and that very conflict demonstrates the requisite difference of opinion for certification under 28 U.S.C. § 1292(b)." Def's. Mem. in Supp. of Mot. for Certificate of Appealability [Docket No. 54] at 13. Plaintiffs respond that "[a]lthough the Eighth Circuit has yet to address this jury issue with these specific ERISA provisions, substantial ground for difference of opinion does not exist merely because there is a dearth of cases." Pls.' Mem. in Opp'n to Mot. for Certificate of Appealability [Docket No. 62] (internal quotation omitted).

There is no Eighth Circuit opinion squarely addressing the issue presented in this case. Defendants are correct that there is no right to a jury trial in typical ERISA litigation between a plan and a plan beneficiary, Houghton v. SIPCO, Inc., 38 F.3d 953 (8th Cir. 1994); however, the Eighth Circuit has yet to address whether the Seventh Amendment affords a plaintiff with the right to a jury trial in circumstances similar to this case which is a conflict between fiduciaries. It appears that district courts within the Eighth Circuit that have addressed this issue have reached different results. Compare Utilicorp United Inc. v. Kemper Fin. Servs., Inc., 741 F. Supp. 1363 (W.D. Mo. 1989) (holding that employer who asserted a breach of fiduciary duty claim under ERISA § 502(a)(2) against the investment manager for failing to timely liquidate assets as instructed was entitled to a jury trial), with Kahnke v. Herter, 579 F. Supp. 1523, 1528

(D. Minn. 1984) (holding that "there is no [S]eventh [A]mendment right to a jury trial in ERISA actions brought under § 502(a)(2)").

Identification of a "'sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement.'" White, 43 F.3d at 378 (quoting Oyster v. Johns-Manville Corp., 568 F. Supp. 83, 88 (E.D. Pa. 1983)).  Many of the cases cited by Capital Guardian are factually distinguishable or do not address whether the Seventh Amendment provides a right to a jury trial for claims brought under § 502(a)(2).  Whether the conflicting district court opinions comprise a "sufficient number," need not be resolved here because Capital Guardian's request for exceptional review clearly fails to meet the third requirement.

**2.     Materially Advance the Ultimate Termination of the Litigation**

Capital Guardian's main argument regarding the third factor in the § 1292 analysis is that an immediate appeal will reduce the amount of money and time expended on this matter.  Capital Guardian contends that preparation for a jury trial requires more time and money than required to prepare for a bench trial.  Even assuming bench trials are less costly to prepare than jury trials, the cost of an interlocutory appeal may well consume the difference in the cost.  Capital Guardian maintains it will appeal any jury verdict should the case proceed to trial before a jury, and that were the Eighth Circuit to reverse the Court's decision to allow the case to go to a jury, the Court and the parties would be exposed to "two costly and time-consuming trials." Def's. Mem. in Supp. of Mot. for Certificate of Appealability at 15.  This argument is premised on at least four questionable presumptions: (1) that the case will not get resolved on a dispositive motion after discovery; (2) that Plaintiffs would not waive the right to a jury trial before the case is heard; (3) that Capital Guardian would lose a jury trial; and (4) that even if the case were tried

to a jury the Court would not make findings of fact and conclusions of law despite having heard the same evidence presented to the jury.

Plaintiffs assert that Capital Guardian has failed to establish how avoiding the added costs they anticipate would materially advance the ultimate termination of the litigation. If this Court were to grant Capital Guardian's Motion and the Eighth Circuit were to reverse the Court's decision, doing so would not advance the termination of this case because the parties would still have to engage in discovery, take depositions, file and respond to motions, and conduct a trial.

Resolution of this case concerns facts surrounding a single transaction. It is hard for the Court to imagine how the trial could not be tried in a couple of days. Capital Guardian has failed to demonstrate how an immediate appeal would either advance the termination of this litigation or impact, in any way, the manner in which the parties proceed. As the Eighth Circuit has explained, "[w]hen litigation will be conducted in substantially the same manner regardless of [its] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-79. Further, the procedural posture of this case allows Capital Guardian to renew its objection regarding the propriety of a jury demand at a later stage. Accordingly, Capital Guardian has failed to demonstrate that an immediate appeal will advance the termination of the litigation and thus its Motion is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Capital Guardian Trust Company's Motion for Certificate of Appealability [Docket No. 52] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 15, 2008.