UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Power and Affiliated Companies
Retirement Plan A; Minnesota Power and
Affiliated Companies Retirement Plan B;
Minnesota Power and Affiliated Companies
Master Pension Trust; ALLETE Employee
Benefit Plans Committee; ALLETE
Retirement Plans Investment Subcommittee;
ALLETE, Inc., successor in interest to
Minnesota Power and affiliated companies;
and U.S. Bank National Association,

                Plaintiffs,

    v.

Capital Guardian Trust Company,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-3866 ADM/RLE

---

Lauren E. Lonergan, Esq., Briggs & Morgan, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Diane M. Soubly, Esq., and William L. Prickett, Esq., Seyfarth Shaw, LLP, Boston, MA, and Tracey L. Baubie, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

Before the Court is Defendant Capital Guardian Trust Company's ("Capital Guardian") Motion for Filing Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(5)(A) [Docket No. 67] filed on September 22, 2008. Capital Guardian seeks an order extending the time in which to file a notice of appeal of the Court's July 22, 2008 Order [Docket No. 49] denying Capital Guardian's Motion to Strike [Docket No. 30]. The parties submitted memoranda regarding Capital Guardian's request for an extension, and the Court took the matter under advisement on September 29, 2008. Oral argument was not requested. For the reasons stated herein, Capital Guardian's Motion is denied.

## II.  BACKGROUND

The underlying facts of this case are set forth in the Court's July 22, 2008 Order.  On September 15, 2008, the Court denied Capital Guardian's Motion for Certificate of Appealability [Docket No. 52] seeking interlocutory appeal of the Court's July 22, 2008 Order denying Capital Guardian's Motion to Strike the jury demand in the Amended Complaint [Docket No. 20].

## III.  DISCUSSION

Like the Motion for Certificate of Appealability, Capital Guardian's current motion seeks the ability to appeal, under the collateral order doctrine, the Court's denial of the Motion to Strike the jury demand.  A district court may extend the time to file a notice of appeal if a party moves for such an extension no later than thirty days after the time for filing an appeal has expired, but only if the party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).  Capital Guardian does not claim excusable neglect but does claim that under Rule 4(a)(5)(A), good cause exists for granting an extension.

The Eighth Circuit Court of Appeals has instructed that the good cause standard applies in situations when "the need for an extension is . . . occasioned by something that is not within the control of the movant."  <u>Gibbons v. United States</u>, 317 F.3d 852, 854 n.3 (2003) (alterations in original) (quotation omitted).  Capital Guardian argues that good cause exists for not filing a notice of appeal regarding the denial of the Motion to Strike within the proscribed 30-day period because it "wished to avoid piecemeal litigation and to focus the appeal on a single issue (jury trial availablity) without creating an issue regarding jurisdiction."  Def.'s Mem. in Supp. of Mot. for Filing Ntc. of Appeal at 4.  Capital Guardian explains that if it had filed a notice of appeal within the time constraints, doing so "might have" had the effect of depriving the Court of

jurisdiction to hear and decide the motion to certify, which Capital Guardian had already filed. Id. at 2-3.

Assuming for the sake of argument that filing a notice of appeal would have divested the Court of jurisdiction to decide the motion for certification, the Court finds that such a circumstance does not constitute good cause. Capital Guardian cites no authority, and the Court is aware of none, in support of the position that delaying the filing of a notice of appeal until the motion for certification has been decided (in order to avoid potential issues regarding the court's jurisdiction to decide that motion) amounts to good cause for an extension under Fed. R. App. P. 4(a)(5)(A). The fact that Capital Guardian had, according to its apparent understanding of appellate procedure, two potential routes for seeking appellate review of the Court's decision on the Motion to Strike, which may or may not have been exclusive of each other, is not good cause but instead a strategical decision.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Capital Guardian Trust Company's Motion for Filing Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(5)(A) [Docket No. 67] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 7, 2008.